STATE EX REL. ZIMMERMAN, Plaintiff, vs. DAMMANN, Secretary of State, and others, Defendants.

*December 9—December 29, 1938.*

572

For the plaintiff there was a brief by *Olin & Butler* of Madison and *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *J. Gilbert Hardgrove* of Milwaukee, and *James Ward Rector* and *Robert M. Rieser,* both of Madison.

For the defendants State Annuity & Investment Board, State Superintendent of Public Instruction, and Emergency Board there were briefs by the *Attorney General, L. E. Vaudreuil,* deputy attorney general, *Harold E. Stafford* and *Harold M. Wilkie,* special counsel, and oral argument by *Mr. Wilkie* and *Mr. Stafford.*

For the defendants Theodore Dammann and Solomon Levitan there was a brief by *James A. McPhee* of Stanley and *Charles A. Hansen* of Milwaukee, and oral argument by *Mr. McPhee.*

FRITZ, J.   It appearing that the matters set out in the petition and answer are *publici juris;* that they concern the official conduct of the highest elective administrative officers of the state; that they relate to the public revenues, and materially affect the interests of the people of the state at large as distinguished from the interest of the people of any locality or section, and that the exigencies of the case are such that there is no adequate remedy by appeal from the judgment of the circuit court for Dane county, this court has decided to take jurisdiction.   By stipulation between the parties, the petition for leave to commence the action as amended is to stand as the complaint in the original action, and the answer made by the relators to that petition is to stand as the answer in the action.   Thereupon the petitioners moved for judgment upon the pleadings and the stipulated facts, including the records and files in the circuit court actions.   At the time designated counsel for the petitioners and the answering respondents were heard by the court upon the merits of the questions involved, and promptly thereafter briefs on those matters were submitted by them.

The acts of the emergency board, which are challenged by the petitioner in this action, were performed under sections 8 and 9 of chapter 181, Laws of 1937, which are as follows:

"Section 8. There is appropriated from the general fund to the secretary of state a sum sufficient to pay the amount which has accrued during the economic depression and is due the retirement deposit fund and the contingent fund of the state retirement system under the provisions of subsection (7) of section 71.26. The amount herein appropriated shall not become effective or available until released in whole or in part by the emergency board.

"Section 9. There is appropriated from the general fund to the secretary of state a sum sufficient to pay the common-school fund and the normal-school fund the full amount of the principal due said funds on certificates of indebtedness now outstanding. The amount herein appropriated shall not become effective or available until released in whole or in part by the emergency board."

By reason of and pursuant to acts of the emergency board under those sections, the secretary of state was commanded by the peremptory writ of *mandamus* issued by the circuit court, as stated above, to issue warrants on the general fund of the state of Wisconsin and effect the transfer and the payment by the state treasurer, which the writ likewise commanded, of the sum of $2,703,852.13 from that fund to the retirement deposit fund and the contingent fund of the state retirement system; and of the sum of $1,163,700 from the general fund to the common-school fund in payment of the principal on certificates of indebtedness of the state of Wisconsin held in said fund; and also of the sum of $20,000 from the general fund of the state to the normal-school fund in payment of the principal on certificates of indebtedness of the state held in that fund.

The petitioner contends that the acts of the emergency board under sections 8 and 9 do not afford any valid basis for the issuance of the warrants and the transfers and pay-

ments of the above-stated sums as commanded by the peremptory writs because the delegation of power, which is attempted to be made by those sections to the emergency board to make the appropriations in question effective and available, is in violation of the well-established principles governing the delegation of legislative power. Several grounds are asserted as basis for that conclusion, and in support, as well as in denial, thereof excellent briefs have been submitted by the learned counsel for the parties. Their able and thorough presentation in support of their respective contentions in relation to matters of great importance in the administration of public affairs prompt and merit a more extended response than can be prepared in the time available for filing a decision prior to the expiration of the terms of office of the principal defendants, which is desired by all parties. Under the circumstances it must suffice to note that after thorough consideration of all matters presented, it is our conclusion that the attempted delegation of power to the emergency board by sections 8 and 9 of chapter 181, Laws of 1937, is unconstitutional for the following reason.

In each of those sections it is provided that "The amount herein appropriated shall not become effective or available until released in whole or in part by the emergency board." By that provision the legislature has attempted to delegate to that board the power to render the appropriations in question either effective and available, or wholly or in part ineffective and not available, as well as the power to determine when, if at all, they shall be available and subject to transfer and disbursement by the secretary of state and the state treasurer, respectively. Thus in those provisions there is no exercise by the legislature of its "exclusive power of deciding how, when and for what purpose the public funds shall be applied in carrying on the government" (*Lainhart v. Catts,* 73 Fla. 735, 756, 75 So. 47; *State v. Lee,* 121 Fla. 360, 163 So. 859;

*Gamble v. Velarde*, 36 N. M. 262, 13 Pac. (2d) 559). Instead of declaring in the exercise of that power the public policy of the state as to when and in what amounts payments were to be made out of its funds to discharge the obligations in question, the legislature attempted to delegate the determination of that policy to the board. But in doing so the legislature failed to prescribe any standard or to chart conditions or limitations to be observed by the board in exercising the power intended to be conferred by sections 8 and 9; and there does not seem to be any basis for implying any such standard or guide. Because of the absence thereof in any sufficient form, there is a material and fatal distinction between the attempted delegation under sections 8 and 9 of chapter 181, Laws of 1937, and the delegation of power by sec. 20.74, Stats. 1923, which was sustained in *State ex rel. Board of Regents v. Zimmerman*, 183 Wis. 132, 134, 197 N. W. 823. By that section the legislature—

"annually appropriated such sums as may be necessary, payable from any moneys in the general fund or other available funds not otherwise appropriated, as an emergency appropriation to meet operating expenses of any state institution, department, board, commission or other body for which sufficient money has not been appropriated to properly carry on the ordinary regular work. . . ."

Thus, to begin with, the legislature prescribed the limitations that the payment of the appropriation was to be made from "available funds not otherwise appropriated;" and was to be "to meet operating expenses" of any state institution, etc., "for which sufficient money has not been appropriated to properly carry on the ordinary regular work." Then in sec. 20.74, Stats. 1923, there is furthermore the inhibition that "no moneys shall be paid . . . except upon the certification of" the board in two material respects, viz., (1) "that such moneys are needed to carry on the ordinary regular

work of the institution," etc., "for which the moneys are to be used;" and (2) "that no other appropriation is available for that purpose." The limitations and inhibition thus prescribed manifestly constituted sufficient standards to render that statute a valid delegation of power under the rules stated in *State ex rel. Wis. Inspection Bureau v. Whitman,* 196 Wis. 472, 505, 220 N. W. 929; *Gibson Auto Co. v. Finnegan,* 217 Wis. 401, 259 N. W. 420; *Petition of State ex rel. Attorney General,* 220 Wis. 25, 43, 264 N. W. 633; *A. L. A. Schechter Poultry Corp. v. United States,* 295 U. S. 495, 55 Sup. Ct. 837, 79 L. Ed. 1570; *Panama Refining Co. v. Ryan,* 293 U. S. 388, 55 Sup. Ct. 241, 79 L. Ed. 446. But under and in view of those rules the attempted delegation of power by sections 8 and 9 of the act in question, without prescribing any such standard or guide, clearly renders those sections unconstitutional.

Neither is there applicable herein the rule under which a standard may be implied where a completed law has been enacted, effective immediately but conditioned upon a set of circumstances the existence of which is to be determined by a proper authority. In such cases there is but a detail left to be worked out. *State ex rel. Wis. Inspection Bureau v. Whitman, supra.* That rule is not applicable here because the only things which could be treated by the legislature in relation to the debts in question were the times when payments thereof were to be made, and the amounts of such payments. That was the entire subject matter upon which the legislative mind could operate. But the legislature did not fix either the time or the amount. Instead, it provided that the payment was not to be effective until the emergency board so decreed, and then in such amount as the board should fix. No fact developing or condition coming into being was to determine the time or amount of payment. Under those circumstances the absence of a standard is so apparent as to distinguish this

instance from nearly every other appropriation, and to require the holding that there is no valid delegation of authority to the emergency board by sections 8 and 9 of the act in question.

We consider that the sole question before the court in this action concerns the constitutionality of the attempted delegation of power by those sections. An examination of the pleadings in the *mandamus* action in the circuit court indicates that the issues are solely related to the duty (1) of the secretary of state to "execute the said appropriations and to issue warrants . . . on the state treasurer for the amount thereof," and (2) of the state treasurer to pay out of the general funds of the state upon the order of the secretary of state "the amount of said appropriations and releases all in accordance with the statutes and enactments of the legislature of the state of Wisconsin and enactments of the emergency board." The alternative writ of *mandamus* is likewise based upon the appropriations contained in sections 8 and 9, and the intended releases by the emergency board. While the peremptory writ is somewhat broadened beyond the issues thus made, we deem that immaterial here. This court was petitioned to exercise original jurisdiction in this cause not only because of the importance of the question but because of the need for prompt action to prevent an illegal disbursement of public funds in response to releases by the emergency board. It took jurisdiction in response to the petition with the understanding that the constitutionality of the appropriations contained in sections 8 and 9 was the only question involved in the case, and certainly that is the only question which created any exigency calling for dispatch. This being true, we limit our opinion to the issues that are within the pleadings in the *mandamus* case, and that furnished grounds for this court to take jurisdiction of the cause. Hence, we express no opinion upon the question whether independently

of sections 8 and 9 heretofore discussed the annuity board has any present remedy to compel the secretary of state to transfer to its account the funds dealt with in section 8. So far as we can see there is no exigency with respect to the determination of that question, and we see no reason why that may not be determined in the usual course of later judicial proceedings. We are satisfied that it would be unwise to enter into a consideration and disposition of this question in the time that is at the court's disposal and within which this action should be concluded.

*By the Court.*—In the exercise of the original jurisdiction of this court, it is adjudged and decreed that the defendants, Theodore Dammann, secretary of state, and Solomon Levitan, state treasurer, be and they are hereby enjoined from issuing the warrants and making the transfers of the sum of $2,703,852.13 from the general fund to the retirement deposit fund and the contingent fund of the state retirement system, and also the sum of $1,163,700 from the general fund to the common-school fund in payment of the principal on certificates of indebtedness of the state of Wisconsin held in said fund, and also the sum of $20,000 from the general fund to the normal-school fund in payment of the principal on certificates of indebtedness of the state held in that fund, pursuant to the orders and releases of the emergency board made on the 16th day of November, 1938, in the exercise of certain powers attempted to be conferred on said board by sections 8 and 9 of chapter 181 of the Laws of 1937.

It is further adjudged and decreed that the record returned to this court from the circuit court for Dane county, entitled State of Wisconsin, on the relation of S. A. Oscar, John Callahan, Bernice Cadman, and John A. Thiel (constituting the state annuity and investment board of the state of Wisconsin) ; John Callahan, superintendent of public instruction ; Philip F. La Follette, E. Merwyn Rowlands, and Ernest

J. Hoesly (constituting the emergency board of the state of Wisconsin), plaintiff, v. Theodore Dammann, as secretary of state of the state of Wisconsin, and Solomon Levitan, as state treasurer of the state of Wisconsin, defendants, be forthwith returned to said court.

In the exercise of its general superintendent control over the circuit court for Dane county, it is further ordered that a peremptory writ of *mandamus* issue out of this court directed to the circuit court for Dane county commanding that court forthwith to enter judgment vacating and setting aside the peremptory writ heretofore issued out of said court on the 6th day of December, 1938, in the action wherein the State of Wisconsin on relation of S. A. Oscar and others is plaintiff and Theodore Dammann, as secretary of state, and Solomon Levitan, as state treasurer, are defendants, so far as said peremptory writ commands Theodore Dammann, as secretary of state, and Solomon Levitan, as state treasurer to issue certain warrants and make certain transfers from the general fund of the state of Wisconsin to the retirement deposit fund and the contingent fund of the state retirement system, and from the general fund of the state of Wisconsin to the common-school fund of the state of Wisconsin, and from the general fund to the normal-school fund of the state of Wisconsin, more particularly described therein.